*Summary Disposition December 23, 2015:*

PEOPLE V SELMAN, No. 147689; Court of Appeals No. 316389. By order of June 11, 2014, the application for leave to appeal the July 18, 2013 order of the Court of Appeals was held in abeyance pending the decisions in *People v Hartwick* (Docket No. 148444) and *People v Tuttle* (Docket No. 148971). On order of the Court, the cases having been decided on July 27, 2015, 498 Mich 192 (2015), the application is again considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we reverse that part of the trial court's ruling that allows the defendant to present at trial his § 8 affirmative defense under the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq*. Because the defendant failed to present prima facie evidence of each element of § 8(a), the defendant is not entitled to present a § 8 defense at trial. *Hartwick*, 498 Mich at 203. We remand this case to the Oakland Circuit Court for further proceedings not inconsistent with *Hartwick* or this order.

PEOPLE V TOMASIK, No. 149372; Court of Appeals No. 279161. On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we reverse in part the April 22, 2014 judgment of the Court of Appeals and we remand this case to the Kent Circuit Court for a new trial. The trial court abused its discretion by admitting the recording of the defendant's interrogation. See *People v Musser*, 494 Mich 337 (2013). Because nothing of any relevance was said during the interrogation, it was simply not relevant evidence, and thus was not admissible evidence. See MRE 401. The admission of this evidence amounted to plain error that affected the defendant's substantial rights and seriously affected the fairness, integrity or public reputation of judicial proceedings. See *People v Carines*, 460 Mich 750, 763 (1999). In a trial in which the evidence essentially presents a 'one-on-one' credibility contest between the complainant and the defendant, the prosecutor cannot improperly introduce statements from the investigating detective that vouch for the veracity of the complainant and indicate that the detective believes the defendant to be guilty. On retrial, if the parties seek to admit expert testimony, the trial court shall conduct a *Daubert* hearing to ensure that the proposed testimony is both relevant and reliable as is required under MRE 702. See *Daubert v Merrell Dow Pharmaceuticals, Inc*, 509 US 579 (1993). In light of this disposition, we decline to address the other issues presented in our order granting leave to appeal.